1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   David Nelson (*pro hac vice* forthcoming)
2  davenelson@quinnemanuel.com
   191 North Wacker Drive, Suite 2700
3  Chicago, IL 60606
   Telephone: (312) 705-7400
4

5  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Lance Yang (Bar No. 260705)
6  lanceyang@quinnemanuel.com
   Patrick Schmidt (Bar No. 274777)
7  patrickschmidt@quinnemanuel.com
   865 South Figueroa St., 10th Floor
8  Los Angeles, CA 90017
   Telephone: (213) 443-3000
9

10 QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Jocelyn Ma (Bar No. 319878)
11 jocelynma@quinnemanuel.com
   50 California Street, 22nd Floor
12 San Francisco, California 94111
   Telephone: (415) 875-6600
13

14 *Attorneys for Google LLC*

15

16                     UNITED STATES DISTRICT COURT

17                    NORTHERN DISTRICT OF CALIFORNIA

18 GOOGLE LLC,                          CASE NO.: 5:25-cv-7453

19            Plaintiff,                **COMPLAINT FOR DECLARATORY
                                        JUDGMENT OF NON-INFRINGEMENT
20       vs.                            OF U.S. PATENT NOS. 9,232,403 AND
                                        9,491,564
21 HEADWATER RESEARCH LLC,
                                        **DEMAND FOR JURY TRIAL**
22            Defendant.

23

24

25

26

27

28

1.    Plaintiff Google LLC ("Google") seeks a declaratory judgment of noninfringement of United States Patent Nos. 9,232,403 ("the '403 patent") and 9,491,564 ("the '564 patent") (together, the "Patents-in-Suit") as follows:

## NATURE OF THE ACTION

2.    This is an action for a declaratory judgment of noninfringement arising under the patent laws of the United States, Title 35 of the United States Code. Google requests this relief because Defendant Headwater Research LLC ("Headwater") claims that Google products and services infringe the '403 and '564 patents.

3.    Headwater has accused "Google phones (*e.g.*, Pixel) and wearables (*e.g.*, PixelWatch)" of infringing the '403 and '564 patents in patent infringement lawsuits it filed against Cellco Partnership, d/b/a Verizon Wireless and Verizon Corporate Services Group, Inc. (together, "Verizon"), T-Mobile USA, Inc. and Sprint LLC (together, "T-Mobile"), and AT&T Services, Inc., AT&T Mobility, LLC and AT&T Enterprises LLC (together, "AT&T"). *Headwater Research LLC v. Cellco Partnership*, No. 2:25-cv-709, Dkt. 1-3, 1-5 (E.D. Tex. July 11, 2025) (hereinafter "Verizon -709 Case"); *Headwater Research LLC v. T-Mobile USA*, No. 2:25-cv-710, Dkt. 1-3, 1-5 (E.D. Tex. July 11, 2025) (hereinafter "T-Mobile -710 Case"); *Headwater Research LLC v. AT&T Services, Inc.*, No. 2:25-cv-711, Dkt. 1-3, 1-5 (E.D. Tex. July 11, 2025) (hereinafter "AT&T -711 Case"). Headwater additionally accuses Google's cloud service for push messages and notifications called Firebase Cloud Messaging ("FCM") of meeting claim elements of the '403 and '564 patents. *Id.* True and correct copies of Headwater's complaints in these cases and relevant charts are attached hereto as Exhibits 3 through 11.

4.    In each of the Verizon -709 Case, the T-Mobile -710 Case, and the AT&T -711 Case, Headwater attached claim charts mapping public documentation to the elements of claim 1 of each of the '403 and '564 patents. Exhibits 3 and 4 of the complaints in each of these cases are claim charts that map to Pixel devices and FCM.

**Exhibit 3 - U.S. Patent No. 9,232,403 ("'403 Patent")**

Accused Devices: Devices on AT&T's network including Samsung's Galaxy phones, tablets, and wearables (*e.g.*, Watch), Google phones (*e.g.*, Pixel) and wearables (*e.g.*, PixelWatch), Motorola and Lenovo phones and tablets (*e.g.*, ThinkPad), and all versions and variations thereof since the issuance of the asserted patent.

**Exhibit 5 - U.S. Patent No. 9,491,564 ("'564 Patent")**

Accused Devices: Devices on AT&T's network including Samsung's Galaxy phones, tablets, and wearables (*e.g.*, Watch), Google phones (*e.g.*, Pixel) and wearables (*e.g.*, PixelWatch), Motorola and Lenovo phones and tablets (*e.g.*, ThinkPad), and all versions and variations thereof since the issuance of the asserted patent.

5.     For the '403 patent, Headwater maps: **limitation [1pre]** to Google devices (citing https://store.google.com/config/pixel_9 and https://www.att.com/buy/wearables/browse/google/); **limitation 1[a]** to specifications of Google's Pixel 9 (citing https://store.google.com/product/pixel_9_specs?hl=en-US); **limitation 1[b]** to Android (citing https://store.google.com/magazine/pixel_android_features?hl=en-US) and the FCM client app ( citing https://firebase.google.com/docs/cloud-messaging and https://firebase.google.com/docs/cloud-messaging/android/client); and **limitation 1[c]** to Android (citing https://store.google.com/magazine/pixel_android_features?hl=en-US), FCM key capabilities and FCM client app (citing https://firebase.google.com/docs/cloud-messaging and https://firebase.google.com/docs/cloud-messaging/android/client), the FCM architectural overview and app manifest (citing https://firebase.google.com/docs/cloud-messaging/fcm-ecture and https://firebase.google.com/docs/cloud-messaging/android/client), and FCM message handling details (citing https://firebase.google.com/docs/cloud-messaging/android/receive). *E.g.*, Exs. 4, 7, 10.

6.     For the '564 patent, Headwater maps: **limitation [1pre]** to Google devices (citing https://store.google.com/config/pixel_9 and https://www.att.com/buy/wearables/browse/google/); **limitation 1[a]** to specifications of Google's Pixel 9 (citing https://store.google.com/product/pixel_9_specs?hl=en-US); **limitation 1[b]** to Android (citing https://store.google.com/magazine/pixel_android_features?hl=en-US) and the FCM client app ( citing https://firebase.google.com/docs/cloud-messaging and https://firebase.google.com/docs/cloud-messaging/android/client); **limitation 1[c]** to Android (citing https://store.google.com/magazine/pixel_android_features?hl=en-US), FCM key capabilities and FCM client app (citing https://firebase.google.com/docs/cloud-messaging and https://firebase.google.com/docs/cloud-messaging/android/client), the FCM architectural overview and app manifest (citing https://firebase.google.com/docs/cloud-messaging/fcm-ecture and

https://firebase.google.com/docs/cloud-messaging/android/client), and FCM message handling details (citing https://firebase.google.com/docs/cloud-messaging/android/receive); **limitation 1[d]** to the same documentation as limitation 1[c]; and **limitation 1[e]** also to the same documentation as limitation 1[c]. *E.g.*, Exs. 5, 8, 11.

7.    Headwater's affirmative allegations of direct infringement of the Patents-in-Suit by the Google Pixel devices and FCM have created a justiciable controversy between Google and Headwater. As a result of Headwater's intention to pursue claims of infringement of the Patents-in-Suit against Google Pixel devices and FCM, Google is under reasonable apprehension of suit by Headwater.

8.    Headwater's infringement allegations in the Verizon -709 Case, the T-Mobile -710 Case, and the AT&T -711 Case also constitute a threat against Google for an indirect infringement claim. In another litigation involving patents related to the Patents-in-Suit, Headwater has accused Google of "inducing others to infringe the claims of [Headwater's] patent without a license or permission from Headwater, such as for example inducing any app developers to use the infringing FCM system." *Headwater Research LLC v. Google LLC*, No. 7:25-cv-231, Dkt. 28, ¶ 48 (W.D. Tex. Aug. 11, 2025) (Exhibit 12). These same assertions, combined with Headwater's accusations against the carriers, constitutes an actual threat of an indirect infringement assertion against Google of the Patents-in-Suit.

9.    There is a real, immediate, and substantial controversy between Google and Headwater because Headwater has sued Google in eight different lawsuits, seven of which were recently filed on August 27, 2025:

- On May 16, 2025, Headwater sued Google, alleging Google infringed the U.S. Patent Nos. 9,615,192 ("the '192 patent") and 10,321,320 through the FCM system and related components. *Headwater Research LLC v. Google LLC*, No. 7:25-cv-231, Dkt. 1, ¶ 31 (W.D. Tex. May 16, 2025).

- On August 27, 2025, Headwater sued Google, alleging Google infringed the U.S. Patent No. 9,198,117 ("the '117 patent") through the FCM system and related components. *Headwater Research LLC v. Google LLC*, No. 7:25-cv-367, Dkt. 1, ¶ 28 (W.D. Tex. Aug. 27, 2025);

- On August 27, 2025, Headwater sued Google, alleging Google infringed U.S. Patent Nos. 9,609,510 ("the '510 patent"), 11,096,055 ("the '055 patent"), 11,405,429 ("the '429 patent"), 8,639,935 ("the '935 patent"), 11,966,464

("the '464 patent"), 11,985,155 ("the '155 patent"), and 9,973,930 ("the '930 patent"). *Headwater Research LLC v. Google LLC*, No. 7:25-cv-369 (W.D. Tex. August 27, 2025);

- On August 27, 2025, Headwater sued Google, alleging Google infringed the U.S. Patent Nos. 9,277,445 ("the '445 patent"), 9,609,544 ("the '544 patent"), and 9,179,359 ("the '359 patent"). *Headwater Research LLC v. Google LLC*, No. 7:25-cv-372 (W.D. Tex. August 27, 2025);

- On August 27, 2025, Headwater sued Google, alleging Google infringed U.S. Patent No. 9,647,918 ("the '918 patent"), and U.S. Patent No. 8,666,364. *Headwater Research LLC v. Google LLC*, No. 7:25-cv-374 (W.D. Tex. August 27, 2025);

- On August 27, 2025, Headwater sued Google, alleging Google infringed U.S. Patent No. 9,143,976 ("the '976 patent") . *Headwater Research LLC v. Google LLC*, No. 7:25-cv-380 (W.D. Tex. August 27, 2025);

- On August 27, 2025, Headwater sued Google, alleging Google infringed U.S. Patent Nos. 8,023,425 ("'425 patent"), 8,631,102 ("'102 patent") and 8,799,451 ("'451 patent"). *Headwater Research LLC v. Google LLC*, No. 7:25-cv-376 (W.D. Tex. August 27, 2025);

- On August 27, 2025, Headwater sued Google, alleging Google infringed U.S. Patent Nos. 8,635,335 ("the '335 patent"), 10,791,471 ("the '471 patent"), and 10,237,757 ("the '757 patent"). *Headwater Research LLC v. Google LLC*, No. 7:25-cv-378 (W.D. Tex. August 27, 2025).

10.     Headwater has asserted these same patents mentioned in paragraph 9 in cases filed against other companies:

- On March 10, 2023, Headwater sued Samsung Electronics Co., Ltd., and Samsung Electronics America, Inc. (together, "Samsung") alleging Samsung infringed the '192 patent and the '117 patent—both related to the Patents-in-Suit. *Headwater Research LLC v. Samsung Electronics Co., Ltd.*, No. 2:23-cv-103, Dkt. 1 (E.D. Tex. Mar. 10, 2023) ("Samsung -103 Case"). In its claim chart for the '117 patent, Headwater alleged that FCM met claim elements of the '117 patent. In September 2024, Headwater served an expert report in the Samsung -103 Case seeking to add a theory of infringement against FCM for the '192 patent. Samsung -103 Case, Dkt. 378 at 3-4 (E.D. Tex. Apr. 11, 2025);

- On April 3, 2024, Headwater sued Samsung alleging infringement of the '510 patent, the '055 patent, and the '429 patent—all related to the Patents-in-Suit. *Headwater Research LLC v. Samsung Electronics Co., Ltd.*, No. 2:24-cv-228, Dkt. 1 (E.D. Tex. Apr. 3, 2024) ("Samsung -228 Case");

- In a first amended complaint on November 30, 2022, Headwater asserted the '445 patent against Samsung. *Headwater Research LLC v. Samsung Electronics Co., Ltd.*, No. 2:22-cv-422, Dkt. 9 (E.D. Tex. Nov. 30, 2022) ("Samsung -422 Case"). In a second amended complaint, Headwater added the '544 patent. Samsung -422 Case, Dkt. 42 (Mar. 13, 2023). On December 29, 2023, Headwater asserted the '359 patent against Samsung. *Headwater*

*Research LLC v. Samsung Electronics Co., Ltd.*, No. 2:23-cv-641, Dkt. 1 (E.D. Tex. Dec. 29, 2023) ("Samsung -641 Case");

- On December 29, 2023, Headwater asserted the '918 patent against Samsung. Samsung -641 Case.

- On March 13, 2023, Headwater added an infringement allegation of the '976 patent against Samsung in a second amended complaint. Samsung -422 Case, Dkt. 42.

- On February 6, 2025, Headwater sued Verizon alleging infringement of, among other patents, the '935 patent, the '464 patent, the '155 patent, and the '930 patent—all related to the Patents-in-Suit. *Headwater Research LLC v. Cellco Partnership*, No. 2:25-cv-156 (E.D. Tex. Feb. 6, 2025). On February 10, 2025 and February 18, 2025, Headwater sued T-Mobile and AT&T on the same patents, respectively. *Headwater Research LLC v. T-Mobile USA, Inc.*, No. 2:25-cv-164 (E.D. Tex. Feb. 10, 2025); *Headwater Research LLC v. AT&T Services, Inc.*, No. 2:25-cv-215 (E.D. Tex. Feb. 18, 2025);

- On April 8, 2025, Headwater sued T-Mobile alleging infringement of the '425 patent, '102 patent,  and '451 patent. *Headwater Research LLC v. T-Mobile USA, Inc.*, No. 2:25-cv-359 (E.D. Tex. Apr. 8, 2025). On April 15, 2025 and April 23, 2025, Headwater sued Verizon and AT&T on the same patents, respectively. *Headwater Research LLC v. Cellco Partnership.*, No. 2:25-cv-391 (E.D. Tex. Apr. 15, 2025); *Headwater Research LLC v. AT&T Services, Inc.*, No. 2:25-cv-428 (E.D. Tex. Apr. 23, 2025);

- On May 2, 2025, Headwater sued Verizon, T-Mobile, and AT&T alleging infringement of the '335 patent, the '471 patent, and the '757 patent. *Headwater Research LLC v. T-Mobile USA, Inc.*, No. 2:25-cv-462 (E.D. Tex. May 2, 2025); *Headwater Research LLC v. Cellco Partnership.*, No. 2:25-cv-463 (E.D. Tex. May 2, 2025); *Headwater Research LLC v. AT&T Services, Inc.*, No. 2:25-cv-464 (E.D. Tex. May 2, 2025).

## THE PARTIES

11.    Google is a subsidiary of Alphabet Inc. and a Delaware limited liability company with its principal place of business located at 1600 Amphitheatre Parkway, Mountain View, California 94043.

12.    On information and belief, Headwater purports to be a Texas limited liability company organized under the laws of Texas, with its headquarters at 110 North College Avenue, Suite 1116, Tyler, Texas 75702.

## JURISDICTIONAL STATEMENT

13.    This action arises under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331, 1338, 2201, and 2202. Jurisdiction is

1   also proper under 28 U.S.C. § 1332 because Google and Headwater are citizens of different states,

2   and the value of the controversy exceeds $75,000.00.

3       14.    This Court can provide the declaratory relief sought in this Declaratory Judgment

4   Complaint because an actual case and controversy exists between the parties within the scope of this

5   Court's jurisdiction pursuant to 28 U.S.C. § 2201. An actual case and controversy exists at least

6   because Google does not infringe and has not infringed any claims of the '403 and '564 patents, and

7   Headwater has accused Google Pixel devices and FCM of infringing the '403 and '564 patents in

8   the Eastern District of Texas.

9       15.    This Court has personal jurisdiction over Headwater because Headwater has engaged

10  in actions in the Northern District of California ("NDCA") that have established sufficient minimum

11  contacts. Further, the exercise of personal jurisdiction based on Headwater's contacts does not

12  offend traditional notions of fairness and substantial justice.

13      16.    Headwater has availed itself of the NDCA to enforce its patent rights, including

14  patents related to the Patents-in-Suit. On August 30, 2023, Headwater sued Motorola Mobility LLC,

15  Lenovo (United States) Inc., and Lenovo Group Ltd. (together, "Motorola") in the NDCA alleging

16  infringement of U.S. Patent Nos. 9,198,076 and 10,749,700, both related to the Patents-in-Suit

17  because they share priority claim to the same four U.S. provisional patent applications and one

18  nonprovisional patent application. *Headwater Research LLC v. Motorola Mobility LLC*, No. 4:23-

19  cv-4496 (N.D. Cal. Aug. 30, 2023) (Exhibit 13).

20      17.    Headwater has also availed itself of the NDCA to enforce its patent rights by seeking

21  discovery from NDCA residents to support its case in other patent infringement lawsuits. For

22  example, Headwater moved to compel discovery from third party Mr. James Kolotouros, a current

23  employee of Samsung Research America, Inc. ("SRA") and former employee of Google. *In re*

24  *Subpoena to James Kolotouros*, No. 3:24-mc-80255 (N.D. Cal. Oct. 10, 2024) (Exhibit 14).

25  Headwater claimed that Mr. Kolotouros's testimony was relevant to claims at issue in the Samsung

26  -103 Case—a case in which Headwater asserted patents related to the Patents-in-Suit against

27  Samsung and that involved FCM.

28

18.     Headwater has also served subpoenas on NDCA residents in pursuit of discovery to support other patent infringement lawsuits. For example, Headwater served subpoenas on NDCA residents Hugo Barra and Google in *Headwater Research LLC. v. Samsung Electronics America, Inc.*, 2:22-cv-422 (E.D. Tex. Oct. 26, 2022) ("Samsung -422 Case") in support of patent infringement allegations for patents related to the Patents-in-Suit. Headwater has also served subpoenas on Google in the Samsung -103 Case, *Headwater Research LLC v. Cellco Partnership*, No. 2:23-cv-352 (E.D. Tex. July 28, 2023), *Headwater Research LLC v. T-Mobile USA Inc.*, No. 2:23-cv-377 (E.D. Tex. Aug. 21, 2023), *Headwater Research LLC v. T-Mobile USA Inc.*, No. 2:23-cv-379 (E.D. Tex. Aug. 23, 2023), *Headwater Research LLC. v. Samsung Electronics America, Inc.*, 2:23-cv-641 (E.D. Tex. Dec. 29, 2023), *Headwater Research LLC v. AT&T Services, Inc.*, No. 2:23-cv-397 (E.D. Tex. Sep. 1, 2023), *Headwater Research LLC v. AT&T Services, Inc.*, No. 2:23-cv-398, (E.D. Tex. Sep. 1, 2023) in support of patent infringement allegations for patents related to the Patents-in-Suit.

19.     The '403 patent issued from U.S. Patent Application No. 14/667,353 ("the '353 Application"), filed on March 24, 2015.

20.     The '403 patent claims priority to U.S. Provisional Application No. 61/207,739 ("the '739 Provisional") filed on February 13, 2009; U.S. Provisional Application No. 61/207,393 ("the '393 Provisional") filed on February 10, 2009; U.S. Provisional Application No. 61/206,944 ("the '944 Provisional") filed on February 4, 2009; U.S. Provisional Application No. 61/206,354 ("the '354 Provisional") filed on January 28, 2009; U.S. Patent Application No. 12/380,780 ("the '780 Application") filed on March 2, 2009, now U.S. Patent No. 8,839,388, and U.S. Patent Application No. 14/263,604 ("the '604 Application") filed on April 28, 2014, now U.S. Patent No. 9,037,127.

21.     The '564 patent issued from U.S. Patent Application No. 15/217,538 ("the '538 Application"), filed on July 22, 2016.

22.     The '564 patent also claims priority to the '739, '393, '944, '354 Provisional Applications and '780 and '604 Nonprovisional Applications. It additionally claims priority to the '353 Application, now the '403 patent, and U.S. Patent Application No. 14/979,233 ("the '233 Application") filed on December 22, 2015, now U.S. Patent No. 9,532,161.

23.    The '739, '393, '944, '354 Provisional Applications and the '780 Nonprovisional Application were filed by the law firm Van Pelt, Yi & James LLP, at the time of filing based in Cupertino, California and now based in Los Altos, California. The '780 Application was also prosecuted by Sheppard, Mullin, Richter & Hampton LLP, based in Palo Alto, California. The '604 Application, filed by Greg H. Gardella, was prosecuted by James E. Harris from Headwater Partners I LLC, at the time based in Redwood City, California.

24.    The '353 Application and the '233 Application were filed and prosecuted by James E. Harris from Headwater Partners I LLC whose mailing address at the time of filing was in Redwood City, California. James Harris also filed and prosecuted the '538 Application.

25.    Gregory Raleigh—the inventor of the Patents-in-Suit—is listed as the inventor of the '739, '393, '944, '354 Provisional Applications and the '780, '604, '353, '233, and '538 Nonprovisional Applications. His residence as listed on these applications at the time of filing was Woodside, California.

26.    Dr. Raleigh executed an assignment agreement to assign the '780 Nonprovisional Application to Headwater Partners I, LLC on March 24, 2009. The assignment is recorded at the USPTO at reel 022796, frame 0779. The assignment agreement shows Headwater Partners I, LLC as having a place of business in Woodside, California.

27.    At the time of each of their filings, the '604, '353, '233, and '538 Nonprovisional Applications were assigned to Headwater Partners I LLC. At the time of filing of the '604 Application, Headwater Partners I LLC's mailing address was in Redwood Shores, California. At the time of filing of the '353 and '233 Applications, Headwater Partners I LLC's mailing address was in Redwood City, California.

28.    On information and belief, Headwater Partners I LLC merged with Headwater Management LLC to form the Defendant Headwater on December 29, 2016. The certificate of merger is recorded at the USPTO at reel 041248, frame 0777.

29.    To enforce its patent rights, Headwater has consistently used the law firm Russ August & Kabat, based in Los Angeles, California, including for the following cases:

- *Headwater Research LLC v. Samsung Electronics Co., Ltd.*, No. 2:22-cv-422 (E.D. Tex. Nov. 30, 2022)

- *Headwater Research LLC v. Samsung Electronics Co., Ltd.*, No. 2:22-cv-467 (E.D. Tex. Dec. 6, 2022)

- *Headwater Research LLC v. Samsung Electronics Co., Ltd.*, No. 2:23-cv-103 (E.D. Tex. Mar. 10, 2023)

- *Headwater Research LLC v. Cellco Partnership*, No. 2:23-cv-352 (E.D. Tex. July 28, 2023)

- *Headwater Research LLC v. T-Mobile USA Inc.*, No. 2:23-cv-377 (E.D. Tex. Aug. 21, 2023)

- *Headwater Research LLC v. T-Mobile USA Inc.*, No. 2:23-cv-379 (E.D. Tex. Aug. 23, 2023)

- *Headwater Research LLC v. Motorola Mobility LLC*, No. 4:23-cv-4496 (N.D. Cal. Aug. 30, 2023)

- *Headwater Research LLC v. AT&T Services, Inc.*, No. 2:23-cv-397 (E.D. Tex. Sep. 1, 2023)

- *Headwater Research LLC v. AT&T Services, Inc.*, No. 2:23-cv-398, (E.D. Tex. Sep. 1, 2023)

- *Headwater Research LLC. v. Samsung Electronics America, Inc.*, 2:23-cv-641 (E.D. Tex. Dec. 29, 2023)

- *Headwater Research LLC. v. Samsung Electronics America, Inc.*, 2:24-cv-228 (E.D. Tex. Apr. 3, 2024)

- *Headwater Research LLC. v. Samsung Electronics America, Inc.*, 2:24-cv-627 (E.D. Tex. Aug. 2, 2024)

- *Headwater Research LLC v. Cellco Partnership*, No. 2:25-cv-156 (E.D. Tex. Feb. 6, 2025)

- *Headwater Research LLC v. T-Mobile USA, Inc.*, No. 2:25-cv-164 (E.D. Tex. Feb. 10, 2025)

- *Headwater Research LLC v. AT&T Services, Inc.* No. 25-cv-215 (E.D. Tex. Feb. 18, 2025)

- *Headwater Research LLC v. Sprint LLC*, No. 2:25-cv-359 (E.D. Tex. Apr. 8, 2025)

- *Headwater Research LLC v. Cellco Partnership*, No. 2:25-cv-391 (E.D. Tex. Apr. 15, 2025)

- *Headwater Research LLC v. AT&T Inc.*, No. 2:25-cv-428 (E.D. Tex. Apr. 23, 2025)

- *Headwater Research LLC v. T-Mobile USA, Inc.*, No. 2:25-cv-462 (E.D. Tex. May. 2, 2025)

- *Headwater Research LLC v. Cellco Partnership*, No. 2:25-cv-463 (E.D. Tex. May. 2, 2025)

- *Headwater Research LLC v. AT&T Services, Inc.*, No. 2:25-cv-464 (E.D. Tex. May. 2, 2025)

- *Headwater Research LLC v. Google LLC*, No. 7-25-cv-231 (W.D. Tex. May. 16, 2025)

- *Headwater Research LLC v. Amazon.com, Inc.*, No. 7-25-cv-286 (W.D. Tex. Jun. 20, 2025)

- *Headwater Research LLC v. AT&T Services, Inc.*, No. 2:25-cv-685 (E.D. Tex. Jul. 3, 2025)

- *Headwater Research LLC v. T-Mobile USA, Inc.*, No. 2:25-cv-686 (E.D. Tex. Jul. 3, 2025)

- *Headwater Research LLC v. Verizon Communications Inc.*, No. 2:25-cv-687 (E.D. Tex. Jul. 3, 2025)

- *Headwater Research LLC v. AT&T Services, Inc.*, No. 2:25-cv-690 (E.D. Tex. Jul. 7, 2025)

- *Headwater Research LLC v. T-Mobile USA, Inc.*, No. 2:25-cv-691 (E.D. Tex. Jul. 7, 2025)

- *Headwater Research LLC v. Cellco Partnership*, No. 2:25-cv-692 (E.D. Tex. Jul. 7, 2025)

- *Headwater Research LLC v. AT&T Services, Inc.*, No. 2:25-cv-693 (E.D. Tex. Jul. 7, 2025)

- *Headwater Research LLC v. T-Mobile USA, Inc.*, No. 2:25-cv-694 (E.D. Tex. Jul. 7, 2025)

- *Headwater Research LLC v. Cellco Partnership*, No. 2:25-cv-695 (E.D. Tex. Jul. 7, 2025)

- *Headwater Research LLC v. Cellco Partnership*, No. 2:25-cv-709 (E.D. Tex. Jul. 11, 2025)

- *Headwater Research LLC v. T-Mobile USA, Inc.*, No. 2:25-cv-710 (E.D. Tex. Jul. 11, 2025)

- *Headwater Research LLC v. AT&T Services, Inc.*, No. 2:25-cv-711 (E.D. Tex. Jul. 11, 2025)

- *Headwater Research LLC v. Apple Inc.*, No. 7-25-cv-318 (W.D. Tex. Jul. 17, 2025)

- *Headwater Research LLC v. Amazon.com Services LLC*, No. 2:25-cv-897 (E.D. Tex. Aug. 27, 2025)

- *Headwater Research LLC v. Google LLC*, No. 7-25-cv-367 (W.D. Tex. Aug. 27, 2025)

- *Headwater Research LLC v. Google LLC*, No. 7-25-cv-369 (W.D. Tex. Aug. 27, 2025)

- *Headwater Research LLC v. Apple Inc.*, No. 7-25-cv-370 (W.D. Tex. Aug. 27, 2025)

- *Headwater Research LLC v. Charter Communications, Inc.*, No. 2:25-cv-901 (E.D. Tex. Aug. 27, 2025)

- *Headwater Research LLC v. Dish Network Corp.*, No. 2:25-cv-902 (E.D. Tex. Aug. 27, 2025)

- *Headwater Research LLC v. Comcast Cable Communications, LLC*, No. 2:25-cv-903 (E.D. Tex. Aug. 27, 2025)

- *Headwater Research LLC v. Charter Communications, Inc.*, No. 2:25-cv-904 (E.D. Tex. Aug. 27, 2025)

- *Headwater Research LLC v. Dish Network Corp.*, No. 2:25-cv-905 (E.D. Tex. Aug. 27, 2025)

- *Headwater Research LLC v. Charter Communications, Inc.*, No. 2:25-cv-906 (E.D. Tex. Aug. 27, 2025)

- *Headwater Research LLC v. Dish Network Corp.*, No. 2:25-cv-907 (E.D. Tex. Aug. 28, 2025)

- *Headwater Research LLC v. Comcast Cable Communications, LLC*, No. 2:25-cv-908 (E.D. Tex. Aug. 28, 2025)

- *Headwater Research LLC v. Comcast Cable Communications, LLC*, No. 2:25-cv-909 (E.D. Tex. Aug. 28, 2025)

- *Headwater Research LLC v. Apple Inc.*, No. 7-25-cv-371 (W.D. Tex. Aug. 27, 2025)

- *Headwater Research LLC v. Google LLC*, No. 7-25-cv-372 (W.D. Tex. Aug. 27, 2025)

- *Headwater Research LLC v. Apple Inc.*, No. 7-25-cv-373 (W.D. Tex. Aug. 27, 2025)

- *Headwater Research LLC v. Google LLC*, No. 7-25-cv-374 (W.D. Tex. Aug. 27, 2025)

- *Headwater Research LLC v. Apple Inc.*, No. 7-25-cv-375 (W.D. Tex. Aug. 27, 2025)

- *Headwater Research LLC v. Google LLC*, No. 7-25-cv-376 (W.D. Tex. Aug. 27, 2025)

- *Headwater Research LLC v. Apple Inc.*, No. 7-25-cv-377 (W.D. Tex. Aug. 27, 2025)

- *Headwater Research LLC v. Google LLC*, No. 7-25-cv-378 (W.D. Tex. Aug. 27, 2025)

- *Headwater Research LLC v. Apple Inc.*, No. 7-25-cv-379 (W.D. Tex. Aug. 27, 2025)

- *Headwater Research LLC v. Google LLC,* No. 7-25-cv-380 (W.D. Tex. Aug. 27, 2025)

- *Headwater Research LLC v. Comcast Cable Communications, LLC*, No. 2:25-cv-914 (E.D. Tex. Aug. 29, 2025)

- *Headwater Research LLC v. Charter Communications, Inc.*, No. 2:25-cv-916 (E.D. Tex. Aug. 29, 2025)

- *Headwater Research LLC v. Comcast Cable Communications, LLC*, No. 2:25-cv-917 (E.D. Tex. Aug. 29, 2025)

- *Headwater Research LLC v. Charter Communications, Inc.*, No. 2:25-cv-919 (E.D. Tex. Aug. 29, 2025)

- *Headwater Research LLC v. DISH Network Corporation*, No. 2:25-cv-920 (E.D. Tex. Aug. 29, 2025)

- *Headwater Research LLC v. DISH Network Corporation*, No. 2:25-cv-921 (E.D. Tex. Aug. 29, 2025)

30.     Headwater claims that in 2008, Dr. Raleigh founded ItsOn Inc., which licensed Headwater's intellectual property and implemented Headwater's technology. Ex. 3 ¶ 14. At the time of its formation, ItsOn Inc. was based in Woodside California. ItsOn Inc. later moved its principal executive office and principal business office to Redwood City, California. Headwater has alleged that ItsOn technology can be used to practice the Patents-in-Suit. Ex. 3 ¶ 35; Ex. 9 ¶ 31.

31.     In Headwater's complaint in the Verizon -709 Case asserting infringement of the '403 and '564 patents, Headwater claims that in the 2009-2011 timeframe, it presented information to Verizon divulging how ItsOn's technology could be used by Verizon. Ex. 3 ¶¶ 16-35. Headwater alleges that "Headwater, ItsOn, and Verizon continued to work together, with Headwater and ItsOn sharing detailed technical information covered by Headwater's pending patents with Verizon's product, IT, technology and marketing teams." *Id.* at ¶ 26. Headwater alleges that the information shared by ItsOn constitutes notice of the Patents-in-Suit to Verizon. *Id.* at ¶¶ 16-35. Headwater alleges that the ItsOn technology can be used to practice the Patents-in-Suit. *Id.* at ¶ 35 ("Verizon sold devices and provided services which included features and functionalities that were the subject of the Verizon, Headwater, and ItsOn relationship, with technology Verizon learned from ItsOn, and which infringe the Asserted Patents."). During the timeframe of the alleged discussions between Headwater, ItsOn and Verizon, both Headwater and ItsOn were located in the Northern District of California. In the Verizon -709 complaint, Headwater accuses Google functionality of infringement. *See supra* ¶¶ 3-6.

32.     Similarly, in Headwater's complaint in the AT&T -711 Case asserting infringement of the '403 and '564 patents, Headwater claims that in 2009, ItsOn presented information to AT&T divulging how ItsOn's technology could be used by AT&T. Ex. 9 ¶¶ 16-31. Headwater alleges that the information shared by ItsOn constitutes notice of the Patents-in-Suit to AT&T. *Id.* Headwater alleges that the ItsOn technology can be used to practice the Patents-in-Suit. *Id.* at ¶ 31 ("AT&T sold devices and provided services which included features and functionalities that were the subject of the AT&T and ItsOn relationship, with technology AT&T learned from ItsOn, and which infringe Headwater's Asserted Patents."). During the timeframe of the alleged discussions between Headwater, ItsOn and AT&T, both Headwater and ItsOn were located in the Northern District of

California. In the AT&T -711 complaint, Headwater accuses Google functionality of infringement. *See supra* ¶¶ 3-6.

33.     Venue is proper in this District under 28 U.S.C. Section 1391 because a substantial part of the events giving rise to Google's claim occurred in this District, and because Headwater is subject to personal jurisdiction here.

34.     An immediate, real, and justiciable controversy exists between Google and Headwater as to whether Google is infringing or has infringed the Patents-in-Suit.

## INTRADISTRICT ASSIGNMENT

35.     Pursuant to Civil L.R. 3-2(c) and 3-5(b), this is an Intellectual Property Rights Action subject to assignment on a district-wide basis.

## GOOGLE DEVELOPED THE ACCUSED FCM TECHNOLOGY BEGINNING IN 2007

36.     Google was founded in 1998, and has a mission to organize the world's information and make it universally accessible and useful. Over the past two decades, in service of that mission, Google has become one of the world's most innovative technology companies.

37.     Google is headquartered at 1600 Amphitheatre Parkway, Mountain View, California 94043.

38.     Google created the FCM technology (previously branded GTalkService, C2DM, and GCM) in the NDCA beginning in 2007 and, for the last 18 years, has developed and managed FCM primarily from there.

39.     Today, the FCM team is primarily based out of Google's offices in the San Francisco Bay Area.

40.     Because documents about Google's products and services, including technical documents and source code, are created and maintained by the employees working on those products and services, such documents for the FCM technology are primarily created and maintained in Northern California.

## HEADWATER WAS FOUNDED IN CALIFORNIA BY DR. RALEIGH

41.     On information and belief, Dr. Raleigh formed Headwater Partners I LLC in 2008. Dr. Raleigh simultaneously founded Headwater's sister company, ItsOn Inc., in 2008 to license and

productize Headwater's patented technology. On information and belief, these were the first of many NDCA-based predecessor entities to Defendant Headwater Research LLC.

42. On information and belief, in 2016, Dr. Raleigh merged Headwater Partners I LLC with Headwater Management LLC (another company Raleigh founded) to form the Defendant Headwater.

43. On information and belief, although Headwater purports to maintain an office in Tyler, Texas, Dr. Raleigh currently resides in and, on information and belief, operates Headwater out of Incline Village, Nevada, a town in the Lake Tahoe area directly bordering California.

44. On information and belief, ItsOn filed bankruptcy and its assets were liquidated into an "Assignment for Benefit of Creditors" entity ("ItsOn-ABC"), managed by Sherwood Partners. Headwater has confirmed in other patent litigation that these assets still exist in the possession of ItsOn-ABC. On information and belief, ItsOn-ABC is based in Mountain View, California and Sherwood Partners is based in California. On information and belief, Dr. Raleigh was a long-time resident of Woodside, California, located in the NDCA. On information and belief, Dr. Raleigh still owns property in the NDCA.

## HEADWATER PURPORTEDLY DEVELOPS PATENTS IN NDCA

45. As explained in paragraphs 19 to 27 above, the '403 patent claims priority to the '739, '393, '944, and '354 Provisional Applications, and the '780 and '604 Nonprovisional Applications. The '564 patent also claims priority to these applications, as well as the '353 and '233 Nonprovisional Applications. All of these applications were filed by or prosecuted by NDCA-based firms or patent attorneys. Gregory Raleigh purportedly invented the subject matter of these patent applications while he was based in the NDCA. The nonprovisional patent applications were all assigned to Headwater Partners I, LLC while it was based in the NDCA.

46. Gregory Raleigh also purportedly invented the subject matter of the '538 Nonprovisional Application while he was based in the NDCA.

47. Additionally, on information and belief, while Headwater was based in the NDCA, it worked together with ItsOn, also based in the NDCA, to try to partner with Verizon and AT&T to use ItsOn technology and to license Headwater's patents. Ex. 3 ¶¶ 16-35; Ex. 9 ¶¶ 16-31.

## GOOGLE DOES NOT INFRINGE THE PATENTS-IN-SUIT

48.    Google Pixel devices and FCM do not directly or indirectly infringe any claim of the Patents-in-Suit, literally or under the doctrine of equivalents.

49.    No third party infringes any claim of the Patents-in-Suit by using Google Pixel devices and FCM. Google has not caused, directed, requested, or facilitated any such infringement, much less with specific intent to do so. Google Pixel devices and FCM are not designed for use in any combination that infringes any claim of the Patents-in-Suit. To the contrary, each has substantial uses that do not infringe any claim of the Patents-in-Suit.

## FIRST COUNT

## (Declaration of Noninfringement of U.S. Patent No. 9,232,403)

50.    Google restates and incorporates by reference the allegations in paragraphs 1 through 49 of this Complaint as if fully set forth herein.

51.    Headwater claims to own all rights, title, and interest in and under the '403 patent. The '403 patent is titled "Mobile Device with Common Secure Wireless Message Service Serving Multiple Applications." It issued on January 5, 2016 from U.S. Patent Application No. 14/667,353, filed on March 24, 2015. The '403 patent lists Gregory Raleigh as the sole inventor and Headwater Partners I LLC as the sole assignee. A true and correct copy of the '403 patent is attached hereto as Exhibit 1.

52.    Google does not directly or indirectly infringe any claim of the '403 patent, either literally or under the doctrine of equivalents. For example, Claim 1 of the '403 patent recites: "A mobile end-user-area device comprising: a wireless wide-area network (WWAN) modem to exchange Internet data via a connection to a first WWAN, when configured for and connected to the first WWAN; a device messaging agent to receive secure Internet data messages, on behalf of a plurality of software applications capable of execution on the device, and over a secure connection to a network message server reachable via the WWAN, wherein at least a subset of the secure Internet data messages contain an identifier for a corresponding one of the software applications and application data from a respective network application server corresponding to that application; and a secure interprocess communication service, wherein the device messaging agent, for each message

in the subset of the secure Internet data messages, maps the identifier to the corresponding one of the software applications in order to forward the application data on the secure interprocess communication service to a software process corresponding to the identified software application." Google does not infringe Claim 1 of the '403 patent at least because Google Pixel devices and FCM do not meet or embody at least the following limitations as used in the claimed inventions: "a device messaging agent to receive secure Internet data messages, on behalf of a plurality of software applications capable of execution on the device, and over a secure connection to a network message server reachable via the WWAN," and "a secure interprocess communication service, wherein the device messaging agent, for each message in the subset of the secure Internet data messages, maps the identifier to the corresponding one of the software applications in order to forward the application data on the secure interprocess communication service to a software process corresponding to the identified software application."

53.    No third party infringes any claim of the '403 patent by using Google Pixel devices or FCM. Google has not caused, directed, requested, or facilitated any such infringement, much less with specific intent to do so. Google had no knowledge of the '403 patent, nor any knowledge of alleged infringement of the '403 patent by Google Pixel devices and FCM before Headwater filed the Verizon -709 Case, the T-Mobile -710 Case, and the AT&T -711 Case. For at least the reasons explained above, Google Pixel devices and FCM and the use of Google Pixel devices and FCM do not directly infringe the '403 patent. Google Pixel devices and FCM are not designed for use in any combination which infringes any claim of the '403 patent. To the contrary, each has substantial uses that do not infringe any claim of the '403 patent and are not accused by Headwater of infringing the '403 patent. For example, the accused Pixel devices can be used for phone calls, texts, browsing the Internet, and streaming content.

54.    A substantial, immediate, and real controversy therefore exists between Google and Headwater regarding whether Google infringes the '403 patent. A judicial declaration is appropriate and necessary to determine the parties' respective rights regarding the '403 patent.

55.    Google seeks a judgment declaring that Google does not directly or indirectly infringe any claim of the '403 patent.

**SECOND COUNT**

**(Declaration of Noninfringement of U.S. Patent No. 9,491,564)**

56.    Google restates and incorporates by reference the allegations in paragraphs 1 through 55 of this Complaint as if fully set forth herein.

57.    Headwater claims to own all rights, title, and interest in and under the '564 patent. The '564 patent is titled "Mobile Device and Method with Secure Network Messaging For Authorized Components." It issued on November 8, 2016 from U.S. Patent Application No. 15/217,538, filed on July 22, 2016. The '564 patent lists Gregory Raleigh as the sole inventor and Headwater Partners I LLC as the sole assignee. A true and correct copy of the '564 patent is attached hereto as Exhibit 2.

58.    Google does not directly or indirectly infringe any claim of the '564 patent, either literally or under the doctrine of equivalents. For example, Claim 1 of the '564 patent recites: "A mobile end-user device comprising: a wireless modem configurable to exchange data via a connection to a wireless network; an inter-process software communication bus providing secure communication between an executing device link agent and respective executing processes for a plurality of software components, wherein providing secure communication comprises receiving access authorization information from a secure server, and allowing access to the bus only for software components identified by the access authorization information; and the device link agent, configured to maintain a secure message link through the wireless network and an Internet network to a message link server, the message link server operating a message service that receives messages over a network from a plurality of network functions, receive secure messages from the message link server over the secure message link, the received messages identified for delivery to multiple ones of the software components, and including message content received by the message link server from multiple ones of the network functions, and for software components identified by the access authorization information, route messages identified for delivery to a given one of those software components via the inter-process software communication bus to a software process corresponding to the given software component." Google does not infringe Claim 1 of the '564 patent at least because Google Pixel devices and FCM do not meet or embody at least the following limitations as

used in the claimed inventions: "an inter-process software communication bus providing secure communication between an executing device link agent and respective executing processes for a plurality of software components, wherein providing secure communication comprises receiving access authorization information from a secure server, and allowing access to the bus only for software components identified by the access authorization information," "the device link agent, configured to maintain a secure message link through the wireless network and an Internet network to a message link server, the message link server operating a message service that receives messages over a network from a plurality of network functions, receive secure messages from the message link server over the secure message link, the received messages identified for delivery to multiple ones of the software components," and the device link agent, configured to "for software components identified by the access authorization information, route messages identified for delivery to a given one of those software components via the inter-process software communication bus to a software process corresponding to the given software component."

59.    No third party infringes any claim of the '564 patent by using Google Pixel devices or FCM. Google has not caused, directed, requested, or facilitated any such infringement, much less with specific intent to do so. Google had no knowledge of the '564 patent, nor any knowledge of alleged infringement of the '564 patent by Google Pixel devices and FCM, before Headwater filed the Verizon -709 Case, the T-Mobile -710 Case, and the AT&T -711 Case. For at least the reasons explained above, Google Pixel devices and FCM and the use of Google Pixel devices and FCM do not directly infringe the '564 patent. Google Pixel devices and FCM are not designed for use in any combination which infringes any claim of the '564 patent. To the contrary, each has substantial uses that do not infringe any claim of the '564 patent and are not accused by Headwater of infringing the '564 patent. For example, the accused Pixel devices can be used for phone calls, texts, browsing the Internet, and streaming content.

60.    A substantial, immediate, and real controversy therefore exists between Google and Headwater regarding whether Google infringes the '564 patent. A judicial declaration is appropriate and necessary to determine the parties' respective rights regarding the '564 patent.

61.     Google seeks a judgment declaring that Google does not directly or indirectly infringe any claim of the '564 patent.

## **PRAYER FOR RELIEF**

WHEREFORE, Google prays for judgment as follows:

A.     A declaration that Google does not infringe, directly or indirectly, the Patents-in-Suit, either literally or under the Doctrine of Equivalents;

B.     A declaration that Google does not induce infringement of the Patents-in-Suit;

C.     A declaration that Google does not contributorily infringe on the Patents-in-Suit;

D.     A declaration that judgment be entered in favor of Google and against Headwater on Google's claims;

E.     A finding that this is an exceptional case under 35 U.S.C. § 285;

F.     An award to Google of its costs and attorneys' fees in connection with this action;

G.     Such further and additional relief as the Court deems just, equitable, and proper.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DATED:  September 3, 2025

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  */s/ Lance Yang*
David Nelson (*pro hac vice* forthcoming)
davenelson@quinnemanuel.com
191 North Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400

Lance Yang (Bar No. 260705)
lanceyang@quinnemanuel.com
Patrick Schmidt (Bar No. 274777)
patrickschmidt@quinnemanuel.com
865 South Figueroa St., 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000

Jocelyn Ma (Bar No. 319878)
jocelynma@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600

*Attorneys for Google LLC*

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Google respectfully demands a trial by jury on all issues triable by jury.


DATED: September 3, 2025                    QUINN EMANUEL URQUHART &
                                           SULLIVAN, LLP

                                    By  */s/ Lance Yang*
                                        Lance Yang
                                        *Attorney for Google LLC*